# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ROBERT S. WORTHY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| THE STATE OF GEORGIA, | : | |
| RAY S. GORDON, and | | |
| JASPER WILLIAM HARVEY, | : | |
| Defendants. | : | No. CV208-168 |

### ORDER

Plaintiff Robert S. Worthy, pro se, filed the above-captioned case against Defendants, the State of Georgia, Ray S. Gordon, State Court Judge for Wayne County, Georgia, and Jasper William Harvey, State Court Solicitor General of Wayne County, Georgia, on December 15, 2008, asserting a claim for malicious prosecution and seeking damages in the amount of $350,000. Doc. No. 1.

Presently before the Court are Defendants' motions to dismiss Plaintiff's complaint. Doc. Nos. 12, 14. For the reasons set forth below, Defendants' motions to dismiss will be **GRANTED**. Defendants also request the Court to enjoin Plaintiff from filing further lawsuits against them.

Defendants' request for an injunction will be **DENIED** at this time.

**BACKGROUND**

Viewing the facts in the light most favorable to Plaintiff, as is required on a motion to dismiss, Plaintiff was issued a traffic citation for "no record of Duty status" by a non-party Department of Public Safety Officer on December 15, 2005. Complaint ¶ 1. In his complaint, Plaintiff claims that this ticket "should never have been written," due to certain Federal Motor Carrier Regulations. Id. Plaintiff alleges that he discussed the situation with Defendant Harvey, the State Court Solicitor General for Wayne County, Georgia, on multiple occasions, and submitted to Harvey a copy of the regulations that Plaintiff believed supported dismissal of the citation. Id.

Plaintiff then filed a motion to dismiss the citation with the Wayne County State Court on July 21, 2006. Id. Plaintiff's motion was heard by Defendant Judge Gordon the following month. Id. After hearing evidence, Judge Gordon denied Plaintiff's motion. Id. Plaintiff believes that,

based on the evidence presented at the hearing, Judge Gordon should have granted his motion to dismiss. Id.

On December 12, 2006, Plaintiff filed another motion to dismiss and to disqualify in Wayne County State Court. Id. Plaintiff moved to disqualify on two grounds: (1) because of the Court's errors in ruling on Plaintiff's first motion to dismiss; and (2) because, according to Plaintiff, at the time of the first motion to dismiss, Defendant Harvey was suspended by the State Bar of Georgia for unpaid bar dues, and thus was not authorized to practice law in the State of Georgia. Id. On January 30, 2007, after a jury trial, Plaintiff was found not guilty. Id. Plaintiff claims that all of these actions on the part of Defendants amount to malicious prosecution and seeks $350,000 in damages. Id. ¶¶ 1,2.

**LEGAL STANDARD**

In determining the merits of a Rule 12(b)(6) motion to dismiss, a court must assume "that all the allegations in the complaint are true (even if doubtful in fact)," see, e.g., Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), and must construe the averments in the light most favorable to the plaintiff. See, e.g., Sofarelli v. Pinellas County, 931 F.2d

718, 721 (11th Cir. 1991); see also Gunn v. Title Max of Alabama, Inc., No. 08-12197, 2008 U.S. App. LEXIS 19734, at *3-4 (11th Cir. Sept. 16, 2008).

However, "a plaintiff's obligation to provide 'the grounds' of his 'entitle[ment] to relief' requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (internal citation omitted). Rather, the contentions contained in the plaintiff's complaint must "plausibly suggest," and "not merely [be] consistent with," a recognized cause of action under the governing law. Id. at 557 ; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 n.43 (11th Cir. 2008) (discussing Twombly); Gunn, 2008 U.S. App. LEXIS 19734, at *4 ("[T]he plaintiff's 'factual allegations must be enough to raise a right to relief above the speculative level.'").

**DISCUSSION**

I.  Defendant State of Georgia

Plaintiff's claims against Defendant State of Georgia are barred both by the Eleventh Amendment to the United States Constitution and by the doctrine of sovereign immunity.

-4-

## A. Eleventh Amendment Immunity:

First, Plaintiff's claims against Defendant State of Georgia are barred by the Eleventh Amendment to the Untied States Constitution. It is well-established that the Eleventh Amendment bars suit against a State or its agencies, departments or officials, absent a waiver by the State, when monetary recovery would be paid from State funds. <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985). The United States Supreme Court has construed the Eleventh Amendment as a jurisdictional bar extending to federal suits against a non-consenting state "by her own citizens as well as citizens of another state." <u>Port Authority Trans-Hudson v. Feeney</u>, 495 U.S. 299, 304 (1990).

The only remaining question, then, is whether the State of Georgia has consented to be sued in this action. If it has not so consented, Plaintiff's claims against it are barred by the Eleventh Amendment. Although the Georgia Torts Claim Act (hereinafter "GTCA") provides a limited waiver of the State's sovereign immunity for certain tort claims, this waiver does not apply to cases filed in federal court. O.C.G.A. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States.").

Further, the Georgia Constitution provides that "[n]o waiver of sovereign immunity shall be construed as a waiver of any immunity provided to the state or its departments, agencies, officers, or employees by the United States Constitution." Ga. Const. Art. 1, § 2, ¶ 9(f). See also Robinson v. Georgia Dep't of Transp., 966 F.2d 637, 640 (11th Cir. 1992)(holding that Georgia's waiver of sovereign immunity in state courts does not waive its Eleventh Amendment immunity); Alyshah v. State of Georgia, No. CV106-0928, 2006 U.S. Dist. LEXIS 66546, at *4-5 (N.D. Ga. Sept. 1, 2006)(holding that State has preserved its sovereign immunity from suit for tort claims filed in federal courts as well as its Eleventh Amendment immunity). Therefore, the State of Georgia has not waived its Eleventh Amendment immunity. Accordingly, Plaintiff's claims against the State of Georgia are barred.

**B. Sovereign Immunity**

Plaintiff's claims against the State of Georgia are also barred by the doctrine of sovereign immunity. "Sovereign immunity extends to the state and all of its departments and agencies and can be waived only by a legislative act specifically delineating the waiver." Polite v. Dougherty County School Sys., No. 07-14108, 2008 U.S. App. LEXIS 17128,

at *9 (Aug. 11, 2008). Although the Georgia legislature has waived its sovereign immunity to a limited extent through the GTCA, certain exceptions to this waiver have been carved out. One of these exceptions is for the tort of malicious prosecution. O.C.G.A. § 50-21-24(7). Further, as discussed previously, the waiver set forth in the GTCA does not apply to suits filed in federal courts. O.C.G.A. § 50-21-23(b). For these reasons, the State of Georgia has not waived its sovereign immunity and, therefore, Plaintiff's claims against the State are also barred by this doctrine.

II. <u>Defendant Judge Gordon</u>

Plaintiff's claims against Defendant Judge Gordon are barred by the doctrine of judicial immunity. "Judicial immunity is an absolute immunity; it applies even when a judge acts maliciously." <u>Harris v. Deveaux</u>, 780 F.2d 911, 914 (11th Cir. 1986) (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 356 (1978)). Courts apply a two-part test in determining whether a judge enjoys immunity from money damages. <u>Id.</u> First, the Court must determine "whether the judge dealt with the plaintiff in a judicial capacity." <u>Id.</u> "If so, then the

question is whether the judge acted in the 'clear absence of all jurisdiction.'" Id.

As to the first part of the test, there is no indication in this case that Judge Gordon dealt with Plaintiff in any manner other than in his judicial capacity. The basis of Plaintiff's claims is that Judge Gordon wrongfully denied his motion to dismiss the traffic citation issued to him. Complaint ¶ 1. This action clearly falls within Judge Gordon's judicial capacity. Therefore, the only remaining question is whether Judge Gordon acted in the "clear absence of all jurisdiction." Harris, 780 F.2d at 914. This test is only satisfied "if a judge completely lacks subject matter jurisdiction." Id. at 916.

Under Georgia law, a state court judge has jurisdiction over "criminal cases below the grade of felony." O.C.G.A. § 15-7-4(a)(1). Further, Georgia law gives judges the power to "hear motions and enter interlocutory orders, in all cases pending in the court over which he presides, in open court or in chambers." O.C.G.A. § 15-7-42. As the judge in the state court in which the charges against Plaintiff were pending, Judge Gordon clearly had jurisdiction to rule on his motion to dismiss the citation. Therefore, Judge Gordon is entitled to

judicial immunity and, accordingly, Plaintiff's claims against him must be dismissed.

III. Defendant Harvey

Plaintiff's claims against Defendant Harvey, the Solicitor General for the Wayne County State Court, must also be dismissed. Because he was acting as a prosecuting attorney for the State of Georgia at the time of the actions complained of in Plaintiff's complaint, Defendant Harvey is entitled to absolute prosecutorial immunity from suit. It has long been held that, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Defendant Harvey would also be entitled to immunity for state law claims against him under Georgia law. O.C.G.A. § 15-18-74(c)("Solicitors-general of state courts and their staff shall be entitled to immunity from private suit for actions arising from the performance of their official duties to the same extent as district attorneys."). Under Art. VI, Sec. VIII, Par. I(e) of the Georgia Constitution of 1983, "District attorneys shall enjoy immunity from private suits for actions arising from the performance of their duties."

Plaintiff's allegation that, at the time of the actions complained of in this suit, Defendant Harvey had been suspended by the State Bar of Georgia for unpaid bar dues, does not affect his entitlement to prosecutorial immunity. The fact that Defendant Harvey may not have been in good standing with the State Bar for failure to follow an administrative rule does not take away from the fact that he was acting in the role of prosecutor in initiating the prosecution against Plaintiff and in presenting the State's case. See Shahid v. State of Georgia, 276 Ga. 543, 544 (2003) (holding that a prosecutor does "not become incompetent to perform his prosecutorial duties when he fail[s] to pay his dues."). Therefore, Defendant Harvey is entitled to absolute prosecutorial immunity from suit.[1]

IV. Defendant's Requested Injunction

Finally, Defendants request that the Court enjoin Plaintiff from filing any further lawsuits against these Defendants. This request is **DENIED** at this time.

---

[1] Even if Defendants Harvey and Judge Gordon were not entitled to prosecutorial and judicial immunity, they would be entitled to Eleventh Amendment immunity insofar as they are being sued in their official capacities.

**CONCLUSION**

For the reasons set forth above, Defendants' motions to dismiss are **GRANTED**. Doc. Nos. 12, 14. However, Defendants' request that the Court enjoin Plaintiff from filing further lawsuits against these Defendants is **DENIED** at this time.

**SO ORDERED** this __8th__ day of May, 2009.

_____
Judge, United States District Court
Southern District of Georgia